IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., and ADAMAS PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX CORP., APOTEX INC., ZYDUS PHARMACEUTICALS (USA), INC., CADILA HEALTHCARE LTD. (d/b/a/ ZYDUS CADILA), PAR PHARMACEUTICAL, INC., ANCHEN PHARMACEUTICALS, INC. and WATSON LABORATORIES, INC. – FLORIDA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., and Adamas Pharmaceuticals, Inc. (collectively, "Plaintiffs"), for their Complaint against Defendants Apotex Corp., Apotex Inc., Zydus Pharmaceuticals (USA), Inc., Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila), Par Pharmaceutical, Inc., Anchen Pharmaceuticals, Inc., and Watson Laboratories, Inc. - Florida (collectively, "Defendants"), hereby allege as follows:

## PARTIES

1. Plaintiff Forest Laboratories, Inc. is a Delaware corporation having a principal place of business at 909 Third Avenue, New York, New York 10022.

2. Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Columbia House, 1 Victoria Street, Hamilton HM11, Bermuda (referred to herein, together with Forest Laboratories, Inc., as "Forest").

3.     Plaintiff Adamas Pharmaceuticals, Inc. ("Adamas") is a Delaware corporation having a principal place of business at 2200 Powell Street, Suite 220, Emeryville, California 94608.

4.     Upon information and belief, Defendant Apotex Corp. is a Delaware corporation having a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326. Upon information and belief, Defendant Apotex Corp. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as an agent of Apotex Inc.

5.     Upon information and belief, Defendant Apotex Inc. is a Canadian corporation having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9. Upon information and belief, Defendant Apotex Inc. (referred to herein, together with Apotex Corp., as "Apotex") manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its agent Apotex Corp.

6.     Upon information and belief, Defendant Zydus Pharmaceuticals (USA), Inc. is a New Jersey corporation having a principal place of business at 73 Route 31 N., Pennington, New Jersey 08534. Upon information and belief, Defendant Zydus Pharmaceuticals (USA), Inc. is a subsidiary of Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila). Upon information and belief, Defendant Zydus Pharmaceuticals (USA), Inc. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as a subsidiary and agent of Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila).

7.     Upon information and belief, Defendant Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) is an Indian corporation having a principal place of business at Zydus Tower, Satellite

2

Cross Roads, Ahmedabad-380015, Gujurat, India.  Upon information and belief, Defendant Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) (referred to herein, together with Zydus Pharmaceuticals (USA), Inc., as "Zydus") manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its subsidiary and agent Zydus Pharmaceuticals (USA), Inc.

8.      Upon information and belief, Defendant Par Pharmaceutical, Inc. ("Par") is a Delaware corporation having a principal place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.  Upon information and belief, Defendant Par Pharmaceutical, Inc. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its subsidiary and agent Anchen Pharmaceuticals, Inc.

9.      Upon information and belief,  Defendant Anchen Pharmaceuticals, Inc. ("Anchen") is a California corporation having a principal place of business at 9601 Jeronimo Road, Irvine, California 92618.  Upon information and belief, Defendant Anchen Pharmaceuticals, Inc. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as a subsidiary and agent of Par Pharmaceutical, Inc.

10.      Upon information and belief, Defendant Watson Laboratories, Inc. - Florida ("Watson") is a Florida corporation with a principal place of business at 4955 Orange Drive, Davie, Florida 33314.  Upon information and belief, Defendant Watson Laboratories, Inc. - Florida manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

## NATURE OF THE ACTION

11.     This is a civil action for the infringement of one or more of the following patents
by each of the Defendants:  United States Patent Nos. 8,039,009 ("the '009 patent"); 8,168,209,
as corrected ("the '209 patent"); 8,173,708 ("the '708 patent"); 8,283,379 ("the '379 patent");
8,329,752 ("the '752 patent"); 8,362,085 ("the '085 patent"); and 8,598,233 ("the '233 patent").
This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over each of the Defendants by virtue of the
fact that, *inter alia*, each Defendant has committed, or aided, abetted, induced, contributed to,
and/or participated in the commission of, a tortious act of patent infringement that has led to
foreseeable harm and injury to Plaintiffs in Delaware.  This Court has personal jurisdiction over
each of the Defendants for the additional reasons set forth below and for other reasons that will
be presented to the Court if such personal jurisdiction is challenged.

14.     This Court has personal jurisdiction over Defendant Apotex Corp. by virtue of,
*inter alia*, the fact that Apotex Corp. is a Delaware corporation.

15.     This Court has personal jurisdiction over Defendant Apotex Inc. by virtue of,
*inter alia*:  (1) its presence in Delaware, including through its agent Defendant Apotex Corp.;
and (2) its systematic and continuous contacts with Delaware, including through its agent Apotex
Corp.  On information and belief, Apotex Inc. is amenable to litigating in this forum based on
Apotex Inc.'s conduct in multiple prior litigations in this District.  In particular, Apotex Inc. did

not contest jurisdiction in Civil Action No. 13-1613 (D.I. 8) or Civil Action No. 13-1602 (D.I. 17).

16.     This Court has personal jurisdiction over Defendant Zydus Pharmaceuticals (USA), Inc. by virtue of, *inter alia*:  (1) its presence in Delaware, including through its parent Defendant Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila); and (2) its systematic and continuous contacts with Delaware, including through its parent Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila).  On information and belief, Zydus Pharmaceuticals (USA), Inc. is amenable to litigating in this forum based on Zydus Pharmaceuticals (USA), Inc.'s conduct in at least one prior litigation in this District, Civil Action No. 10-581 (D.I. 9).

17.     This Court has personal jurisdiction over Defendant Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) by virtue of, *inter alia*:  (1) its presence in Delaware, including through its subsidiary and agent Defendant Zydus Pharmaceuticals (USA), Inc.; and (2) its systematic and continuous contacts with Delaware, including through its subsidiary and agent Zydus Pharmaceuticals (USA), Inc.  On information and belief, Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) is amenable to litigating in this forum based on Cadila Healthcare Ltd.'s (d/b/a/ Zydus Cadila) conduct in multiple prior litigations in this District.  In particular, Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) did not contest jurisdiction in Civil Action No. 13-1143 (D.I. 26) or Civil Action No. 10-581 (D.I. 13).

18.     This Court has personal jurisdiction over Defendant Par Pharmaceutical, Inc. by virtue of, *inter alia*, the fact that Par Pharmaceutical, Inc. is a Delaware corporation.

19.     This Court has personal jurisdiction over Defendant Anchen Pharmaceuticals, Inc. by virtue of, *inter alia*:  (1) its presence in Delaware, including through its parent Defendant Par Pharmaceutical, Inc.; and (2) its systematic and continuous contacts with Delaware, including

through its parent Par Pharmaceutical, Inc.  On information and belief, Anchen Pharmaceuticals, Inc. is amenable to litigating in this forum based on Anchen Pharmaceuticals, Inc.'s conduct in multiple prior litigations in this District.  In particular, Anchen Pharmaceuticals, Inc. did not contest jurisdiction in Civil Action No. 13-202 (D.I. 15) or Civil Action No. 12-808 (D.I. 13).

20.    This Court has personal jurisdiction over Defendant Watson Laboratories, Inc. - Florida by virtue of, *inter alia*, its systematic and continuous contacts with Delaware.  On information and belief, Watson Laboratories, Inc. - Florida is amenable to litigating in this forum based on Watson Laboratories, Inc. - Florida's conduct in multiple prior litigations in this District.  In particular, Watson Laboratories, Inc. - Florida did not contest jurisdiction in Civil Action No. 12-816 (D.I. 16) or Civil Action No. 12-492 (D.I. 56).

21.    Venue is proper in this judicial district as to all Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

22.    On October 18, 2011, the '009 patent, titled "Modified Release Formulations Of Memantine Oral Dosage Forms," was duly and legally issued by the USPTO.  Since the issuance of the '009 patent, Forest Laboratories Holdings, Ltd. has been, and continues to be, the '009 patent's sole owner.  A copy of the '009 patent is attached hereto as Exhibit A.

23.    On May 1, 2012, the '209 patent, titled "Method And Composition For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO.  The USPTO issued a certificate of correction for the '209 patent on June 26, 2012.  Since the issuance of the '209 patent, Adamas has been, and continues to be, the '209 patent's sole owner.  Forest is the exclusive licensee of the '209 patent with respect to commercializing

pharmaceutical products containing memantine in the United States.  A copy of the '209 patent, including its certificate of correction, is attached hereto as Exhibit B.

24.    On May 8, 2012, the '708 patent, titled "Method And Composition For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO.  Since the issuance of the '708 patent, Adamas has been, and continues to be, the '708 patent's sole owner.  Forest is the exclusive licensee of the '708 patent with respect to commercializing pharmaceutical products containing memantine in the United States.  A copy of the '708 patent is attached hereto as Exhibit C.

25.    On October 9, 2012, the '379 patent, titled "Method And Compositions For The Treatment Of CNS-Related Conditions," was duly and legally issued by the USPTO.  Since the issuance of the '379 patent, Adamas has been, and continues to be, the '379 patent's sole owner.  Forest is the exclusive licensee of the '379 patent with respect to commercializing pharmaceutical products containing memantine in the United States.  A copy of the '379 patent is attached hereto as Exhibit D.

26.    On December 11, 2012, the '752 patent, titled "Composition For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO.  Since the issuance of the '752 patent, Adamas has been, and continues to be, the '752 patent's sole owner.  Forest is the exclusive licensee of the '752 patent with respect to commercializing pharmaceutical products containing memantine in the United States.  A copy of the '752 patent is attached hereto as Exhibit E.

27.    On January 29, 2013, the '085 patent, titled "Method For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO.  Since the issuance of the '085 patent, Adamas has been, and continues to be, the '085 patent's sole

7

owner. Forest is the exclusive licensee of the '085 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '085 patent is attached hereto as Exhibit F.

28. On December 3, 2013, the '233 patent, titled "Method For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO. Since the issuance of the '233 patent, Adamas has been, and continues to be, the '233 patent's sole owner. Forest is the exclusive licensee of the '233 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '233 patent is attached hereto as Exhibit G.

29. Forest Laboratories, Inc. holds New Drug Application ("NDA") 22-525 for Namenda XR® brand memantine hydrochloride extended release capsules. The '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are all listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Namenda XR®.

30. Forest is the exclusive distributor of Namenda XR® in the United States.

## ACTS GIVING RISE TO THIS ACTION

### Count I – Patent Infringement by Apotex

31. Upon information and belief, on or before January 6, 2014, Apotex submitted ANDA No. 206135 to the United States Food and Drug Administration ("FDA") under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA No. 206135 seeks FDA approval for the commercial manufacture, use, and sale of generic extended release capsule products containing 7, 14, 21, and 28 milligrams of memantine hydrochloride as the active ingredient ("the Apotex Generic Products"). ANDA No. 206135 specifically seeks FDA

8

approval to market the Apotex Generic Products prior to the expiration of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent.

32. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 206135 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Apotex Generic Products. Plaintiffs received written notification of ANDA No. 206135 and its § 505(j)(2)(A)(vii)(IV) allegations with respect to the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent on or about January 8, 2014. Plaintiffs received written notification of Apotex's § 505(j)(2)(A)(vii)(IV) allegation with respect to the '233 patent on or about February 11, 2014.

33. Apotex's submission of ANDA No. 206135 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Apotex commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, the Apotex Generic Products, or induces or contributes to any such conduct, it would further infringe the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent under 35 U.S.C. § 271(a), (b), and/or (c). For purposes of clarity, Plaintiffs state that they are not asserting claims 6-15 of the '379 patent against the Apotex Generic Products or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.

34.     Upon information and belief, each of Apotex Corp. and Apotex Inc. has participated in, contributed to, aided, abetted, and/or induced infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent once the Apotex Generic Products are manufactured, used, offered for sale, or sold in the United States, or imported into the United States.  Each of Apotex Corp. and Apotex Inc. is jointly and severally liable for the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent.

35.     Apotex was aware of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 206135, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

36.     Apotex's actions render this an exceptional case under 35 U.S.C. § 285.

37.     Plaintiffs will be irreparably harmed by Apotex's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

### Count II – Patent Infringement By Zydus

38.     Upon information and belief, on or before January 2, 2014, Zydus submitted ANDA No. 203293 to the United States Food and Drug Administration ("FDA") under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  ANDA No. 203293 seeks FDA approval for the commercial manufacture, use, and sale of generic extended release capsule products containing 7, 14, 21, and 28 milligrams of memantine hydrochloride as the active ingredient ("the Zydus Generic Products").  ANDA No. 203293 specifically seeks FDA approval

to market the Zydus Generic Products prior to the expiration of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085, and the '233 patent.

39.     Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 203293 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Zydus Generic Products.  Plaintiffs received written notification of ANDA No. 203293 and its § 505(j)(2)(A)(vii)(IV) allegations on or about January 8, 2014.

40.     Zydus's submission of ANDA No. 203293 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Zydus commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, the Zydus Generic Products, or induces or contributes to any such conduct, it would further infringe the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent under 35 U.S.C. § 271(a), (b), and/or (c).  For purposes of clarity, Plaintiffs state that they are not asserting claims 6-15 of the '379 patent against the Zydus Generic Products or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.  Relying on the representations set out in Zydus's notice of Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95, Forest does not allege at this time that the Zydus Generic Products infringe the '009 patent.  To the extent that discovery in this action demonstrates that assertion of the '009 patent against the Zydus Generic Products is warranted, Plaintiffs reserve the right to assert it.

11

41.     Upon information and belief, each of Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) has participated in, contributed to, aided, abetted, and/or induced infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent once the Zydus Generic Products are manufactured, used, offered for sale, or sold in the United States, or imported into the United States.  Each of Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Ltd. (d/b/a/ Zydus Cadila) is jointly and severally liable for the infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent.

42.     Zydus was aware of the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 203293, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

43.     Zydus's actions render this an exceptional case under 35 U.S.C. § 285.

44.     Plaintiffs will be irreparably harmed by Zydus's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

### Count III – Patent Infringement By Anchen and Par

45.     Upon information and belief, on or before January 6, 2014, Anchen and Par submitted ANDA No. 205784 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  ANDA No. 205784 seeks FDA approval for the commercial manufacture, use, and sale of a generic extended release capsule product containing 28 milligrams of memantine hydrochloride as the active ingredient ("the Anchen Generic Product").  ANDA No. 205784 specifically seeks FDA approval to market the Anchen Generic Product prior

to the expiration of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent.

46.     Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 205784 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Anchen Generic Product.  Plaintiffs received written notification of ANDA No. 205784 and its § 505(j)(2)(A)(vii)(IV) allegations on or about January 7, 2014.

47.     Anchen and Par's submission of ANDA No. 205784 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Anchen and Par commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States, the Anchen Generic Product, or induce or contribute to any such conduct, they would further infringe the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent under 35 U.S.C. § 271(a), (b), and/or (c).  For purposes of clarity, Plaintiffs state that they are not asserting claims 6-15 of the '379 patent against the Anchen Generic Product or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.  Relying on the representations set out in Anchen and Par's notice of Paragraph IV Certification regarding ANDA No. 205784 pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95, Forest does not allege at this time that the Anchen Generic Product infringes the '009 patent.  To the extent that discovery in this action demonstrates that assertion of the '009 patent against the Anchen Generic Product is warranted, Plaintiffs reserve the right to assert it.

13

48.    Upon information and belief, each of Anchen and Par has participated in, contributed to, aided, abetted, and/or induced infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent once the Anchen Generic Product is manufactured, used, offered for sale, or sold in the United States, or imported into the United States. Each of Anchen and Par is jointly and severally liable for the infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent.

49.    Anchen and Par were aware of the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 205784, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

50.    Anchen and Par's actions render this an exceptional case under 35 U.S.C. § 285.

51.    Plaintiffs will be irreparably harmed by Anchen and Par's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## Count IV – Patent Infringement By Par

52.    Upon information and belief, on or before January 29, 2014, Par submitted ANDA No. 205783 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA No. 205783 seeks FDA approval for the commercial manufacture, use, and sale of a generic extended release capsule product containing 28 milligrams of memantine hydrochloride as the active ingredient ("the Par Generic Product"). ANDA No. 205783 specifically seeks FDA approval to market the Par Generic Product prior to the expiration of the

'009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent.

53.     Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 205783 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Par Generic Product.  Plaintiffs received written notification of ANDA No. 205783 and its § 505(j)(2)(A)(vii)(IV) allegations on or about January 30, 2014.

54.     Par's submission of ANDA No. 205783 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Par commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, the Par Generic Product, or induces or contributes to any such conduct, it would further infringe the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent under 35 U.S.C. § 271(a), (b), and/or (c).  For purposes of clarity, Plaintiffs state that they are not asserting claims 6-15 of the '379 patent against the Par Generic Product or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.

55.     Par was aware of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 205783, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

56.     Par's actions render this an exceptional case under 35 U.S.C. § 285.

57.    Plaintiffs will be irreparably harmed by Par's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

### Count V – Patent Infringement By Watson

58.    Upon information and belief, on or before January 27, 2014, Watson submitted ANDA No. 205813 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  ANDA No. 205813 seeks FDA approval for the commercial manufacture, use, and sale of generic extended release capsule products containing 7, 14, 21, and 28 milligrams of memantine hydrochloride as the active ingredient ("the Watson Generic Products").  ANDA No. 205813 specifically seeks FDA approval to market the Watson Generic Products prior to the expiration of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent.

59.    Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 205813 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Watson Generic Products.  Plaintiffs received written notification of ANDA No. 205813 and its § 505(j)(2)(A)(vii)(IV) allegations on or about January 28, 2014.

60.    Watson's submission of ANDA No. 205813 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Watson commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, the Watson Generic Products, or induces or contributes to any such conduct, it would further infringe the '009 patent, '209 patent,

the '708 patent, the '379 patent, the '752 patent, and/or the '085 patent under 35 U.S.C. § 271(a), (b), and/or (c). For purposes of clarity, Plaintiffs state that they are not asserting claims 6-15 of the '379 patent against the Watson Generic Products or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.

61.   Watson was aware of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 205813, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

62.   Watson's actions render this an exceptional case under 35 U.S.C. § 285.

63.   Plaintiffs will be irreparably harmed by Watson's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A.   That Defendant Apotex has infringed the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent;

B.   That Defendant Zydus has infringed the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent;

C.   That Defendants Anchen and Par have infringed the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent;

D.   That Defendant Par has infringed the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent;

E.   That Defendant Watson has infringed the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent;

F.      That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Apotex's ANDA identified in this Complaint shall not be earlier than the expiration date of the last to expire of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent, including any extensions or exclusivities;

G.      That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Zydus's ANDA identified in this Complaint shall not be earlier than the expiration date of the last to expire of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent, including any extensions or exclusivities;

H.      That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendants Anchen and Par's ANDA No. 205784 shall not be earlier than the expiration date of the last to expire of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent, including any extensions or exclusivities;

I.      That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Par's ANDA No. 205783 shall not be earlier than the expiration date of the last to expire of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent, including any extensions or exclusivities;

J.      That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Watson's ANDA identified in this Complaint shall not be earlier than the expiration date of the last to expire of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent, including any extensions or exclusivities;

K.      That Defendant Apotex, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United

States, or importing into the United States, the Apotex Generic Products, and any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

L.     That Plaintiffs be awarded monetary relief if Defendant Apotex commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Apotex Generic Products, or any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

M.     That Defendant Zydus, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Zydus Generic Products, and any other product that infringes or induces or contributes to the infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

N.     That Plaintiffs be awarded monetary relief if Defendant Zydus commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Zydus Generic Products, or any other product that infringes or induces or contributes to the infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent prior to the expiration of the last to expire of those patents, including any

19

extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

O.     That Defendants Anchen and Par, their officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Anchen Generic Product, and any other product that infringes or induces or contributes to the infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

P.     That Plaintiffs be awarded monetary relief if Defendants Anchen and Par commercially make, use, offer for sale, or sell in the United States, or import into the United States, the Anchen Generic Product, or any other product that infringes or induces or contributes to the infringement of the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

Q.     That Defendant Par, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Par Generic Product, and any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

20

R.     That Plaintiffs be awarded monetary relief if Defendant Par commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Par Generic Product, or any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

S.     That Defendant Watson, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Watson Generic Products, and any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, or the '085 patent prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

T.     That Plaintiffs be awarded monetary relief if Defendant Watson commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Watson Generic Products, or any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, or the '085 patent prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

U.     That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action under 35 U.S.C. § 285; and

21

     V.     That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Peter J. Armenio, P.C.
Anne S. Toker
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY  10010
(212) 849-7000

February 14, 2014

8001629