IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 14-200 (LPS) |
| ) | |
| APOTEX CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND ORDER

The Court, upon the consent and request of Plaintiffs Forest Laboratories, LLC (f/k/a Forest Laboratories, Inc.), Forest Laboratories Holdings, Ltd., and Adamas Pharmaceuticals, Inc. (collectively, "Plaintiffs") and Defendants Apotex Corp. and Apotex Inc. ("Apotex"), hereby acknowledges the following Stipulation and issues the following Order.

## STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Apotex for purposes of the Action. Venue is proper in this Court as to Plaintiffs and Apotex for the Action.

2. In the Action, Plaintiffs asserted claims against Apotex for infringement of U.S. Patent Nos. 8,039,009 ("the '009 Patent"); 8,168,209 ("the '209 Patent"); 8,173,708 ("the '708 Patent"); 8,283,379 ("the '379 Patent"); 8,329,752 ("the '752 Patent"); 8,362,085 ("the '085 Patent"); and 8,598,233 ("the '233 Patent") in connection with Apotex's submission of Abbreviated New Drug Application ("ANDA") 206135 directed to generic extended-release memantine hydrochloride capsule products to the U.S. Food and Drug Administration ("FDA").

3. In response to Plaintiffs' claims of patent infringement, Apotex has alleged certain defenses and counterclaims, including that the '009 Patent, the '209 Patent, the

'708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent are invalid and/or not infringed by the filing of ANDA 206135 with the FDA and/or any making, using, selling, or offering to sell within the United States, or importing into the United States, of the generic extended-release memantine hydrochloride capsule products described by ANDA 206135.

4. To date, no final judgment has been entered by the Court regarding any of Plaintiffs' claims or any of Apotex's defenses or counterclaims.

5. Apotex admits that the submission of ANDA 206135 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, and/or sale of the generic extended-release memantine hydrochloride capsule products described therein within the United States before the expiration of the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent was a technical act of infringement of each of those patents under 35 U.S.C. § 271(e)(2)(A). This admission is without prejudice to Apotex's defenses and counterclaims in the Actions that the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent are invalid and/or not infringed by any making, using, selling, or offering to sell within the United States, or importing into the United States, of the generic products described by ANDA 206135. This admission is further without prejudice to any claim, defense, or counterclaim in any possible future action between Apotex and any of the Plaintiffs regarding the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, the '233 Patent, and/or a generic memantine hydrochloride product other than the generic products described by ANDA 206135.

6. The parties agree that the Court's January 5, 2016 Memorandum Opinion and Order regarding claim construction issues should be vacated in this civil action. The parties further agree that the Court's January 5, 2016 Memorandum Opinion and Order regarding claim construction issues should be vacated in any related civil action in which they were filed, other than Civil Action Nos. 14-121-LPS and 14-686-LPS, which involve the only remaining defendant in the related actions that was involved in the relevant proceedings and was still a party as of January 5, 2016.

7. The parties agree that, other than as provided by Paragraph 5 above, all claims, defenses, and counterclaims set forth in Plaintiffs' and Apotex's pleadings against each other in the Action, including the allegations and averments contained therein, should be dismissed, without prejudice.

**ORDER**

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Apotex, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has subject matter jurisdiction over this patent infringement action ("the Action") and personal jurisdiction over Plaintiffs and Apotex for purposes of the Action. Venue is proper in this Court as to Plaintiffs and Apotex for the Action.

2. The filing of ANDA 206135 was a technical act of infringement of the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent under 35 U.S.C. § 271(e)(2)(A). No final judgment of the Court has been obtained by either party regarding the presumptive validity of the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent and/or whether any making, using, selling, or offering to sell within the United States, or importing into

the United States, of the generic products described by ANDA 206135 would infringe those patents.

3. Other than as provided in Paragraph 2 above, all other claims, defenses, and counterclaims set forth in Plaintiffs' and Apotex's pleadings against each other in the Action, including the allegations and averments contained therein, are hereby dismissed, without prejudice.

4. Apotex, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, the generic extended-release memantine hydrochloride capsule products described by ANDA 206135 during the life of the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs, unless all of the claims of the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and the '233 Patent are found invalid or unenforceable by a court decision from which no appeal has been or can be taken, other than a petition for a writ of certiorari to the U.S. Supreme Court.

5. The Court hereby vacates its January 5, 2016 Memorandum Opinion and Order regarding claim construction issues in this civil action. The Court further vacates its January 5, 2016 Memorandum Opinion and Order regarding claim construction issues in any related civil action in which they were filed, other than Civil Action Nos. 14-121-LPS and 14-686-LPS, which involve the only remaining defendant in the related actions that was involved in the relevant proceedings and was still a party as of January 5, 2016.

6.      Plaintiffs and Apotex each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

7.      This Court retains jurisdiction over Plaintiffs and Apotex for purposes of enforcing this Stipulation And Order.

8.      This Stipulation And Order shall finally resolve the Action.

9.      This Stipulation And Order is without prejudice to any claim, defense, counterclaim or claim construction argument in any possible future action between Apotex and any of the Plaintiffs regarding the '009 Patent, the '209 Patent, the '708 Patent, the '379 Patent, the '752 Patent, the '085 Patent, and/or the '233 Patent and a product other than a generic extended-release memantine hydrochloride capsule product described by ANDA 206135.

10.     The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | COZEN O'CONNOR |
| */s/ Jack B. Blumenfeld* | */s/ Joseph J. Bellew* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com | Joseph J. Bellew (#4816)<br>1201 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>(302) 295-2025<br>jbellew@cozen.com<br><br>*Attorneys for Defendants Apotex Corp. and Apotex Inc.* |

*Attorneys for Plaintiffs*

February 11, 2016

SO ORDERED this _____ day of February, 2016

HONORABLE LEONARD P. STARK
CHIEF U.S. DISTRICT JUDGE