# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

February 14, 2016

The Honorable Leonard P. Stark                                   *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:     *Forest Laboratories et al. v. Apotex Corp., et al.*; C.A. No. 14-200 (LPS)

Dear Chief Judge Stark:

I write on behalf of Plaintiffs Forest Laboratories, LLC, Forest Laboratories Holdings, Ltd., and Adamas Pharmaceuticals, Inc. (collectively, "Plaintiffs") pursuant to Your Honor's February 12, 2016 Oral Order requesting letter briefing regarding the proposed Stipulation and Order of Dismissal (D.I. 217) filed by Plaintiffs and Apotex.  Plaintiffs support that Stipulation and Order, including the provision set forth in paragraph 6 of the stipulation and paragraph 5 of the order requesting a vacatur of the Court's claim construction order with respect to all Defendants other than Teva.

The Court issued its claim construction Memorandum Opinion and Order on January 5, 2016.  As the Court noted in the Memorandum Opinion, at that time, all of the Defendants except Teva and Apotex had already been dismissed from the cases (*see* D.I. 201 at 1 n.1).[1]  Thus, the claim construction dispute was between Plaintiffs and Teva and Apotex (*id.* at

---

[1]     The Defendants that had been dismissed prior to the claim construction decision were: Actavis Pharmaceuticals FL, Inc., C.A. No. 14-200, D.I 62 (Oct. 17, 2014);  Wockhardt USA, LLC, Wockhardt Bio AG, and Wockhardt Ltd, C.A. No. 14-121, D.I. 56 (Nov. 3, 2014); Anchen Pharmaceuticals, Inc., C.A. No. 14-200, D.I. 83, C.A. No. 14-1058, D.I. 54 (Jan. 15, 2015); Par Pharmaceutical, Inc., C.A. No. 14-200, D.I. 84, C.A. No. 14-1058, D.I. 55 (Jan. 15, 2015); Ranbaxy Inc. and Ranbaxy Laboratories Limited, C.A. No. 14-686 D.I. 87 (May 6, 2015); Sun Pharma Global FZE and Sun Pharmaceuticals Industries, Ltd., C.A. No. 14-121, D.I. 103 (May 22, 2015); Zydus Pharmaceuticals (USA), Inc., and Cadila Healthcare Ltd., C.A. No. 14-200, D.I. 169 (Aug. 20, 2015); Amneal Pharmaceuticals LLC, and Amneal Pharmaceuticals of New York, LLC Pharmaceuticals, Inc. C.A. No. 14-508, D.I. 208 (Sept. 14, 2015); Amerigen Pharmaceuticals, Inc., Amerigen Pharmaceuticals Ltd., C.A. No. 14-508, D.I. 221, C.A. No. 14-1058, D.I. 166, C.A. No. 14-1271 D.I. 128 (Oct. 23, 2015); Mylan Pharmaceuticals Inc.,

The Honorable Leonard P. Stark
February 14, 2016
Page 2

1). None of the dismissed Defendants were parties to that dispute and Judgment was not entered based on the claim construction with respect to any of those Defendants. Given the Court's notation regarding the prior dismissals and the remaining parties in its Memorandum Opinion, there was no apparent reason for those documents to be entered in cases that had already been closed or with respect to defendants that had already been dismissed.

Further, as of the time of the Court's claim construction order, Apotex had withdrawn its invalidity defenses as to the Went patents, as stated on the record at the February 11, 2016 pretrial conference (*see* Feb. 11, 2016 Tr. at 13:8-12, 17-19). Thus, no Defendant other than Teva had any dispute with respect to the validity of the Went patents. And Teva has already advised the Court that it does not object to the proposed Stipulation and Order. (D.I. 211 in C.A. No. 14-121-LPS.)

Vacatur of a claim construction ruling is within the sound discretion of the court, which may be exercised if the petitioner shows an "equitable entitlement" to such vacatur. *See Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 629 F.3d 1374, 1376 (Fed. Cir. 2011). Although vacatur is an "extraordinary remedy" (*id.*), courts have often vacated prior claim constructions at the request of the parties, in an effort to encourage and promote settlements. *See, e.g.*, *British Telecomm. PLC v. CoxCom, Inc.*, C.A. No. 10-658 (SLR), 2014 WL 1364853 (D. Del. Mar. 7, 2014) (vacating claim construction and summary judgment Orders and Opinions after "determining that good reason" existed to do so); *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008) (stating "a district court may vacate its own claim construction order upon settlement."); *see also Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328–29 (Fed. Cir. 2003) (Dyk, J., concurring) (suggesting that parties seek vacatur of district court's prior rulings as part of settlement to prevent estoppel effects).

In this case, the equities favor the requested vacatur. The vacatur provisions in the Stipulation and Order only seek to vacate the Court's claim construction ruling with respect to the Defendants other than Teva. In so doing, the provision seeks to limit the Court's claim construction ruling to those parties who sought it. Moreover, that will not undo the claim construction ruling in the Teva cases.

If, on the other hand, the Court's claim construction ruling is not vacated with respect to the non-Teva Defendants, a successful appeal by Plaintiffs in the Teva actions might leave the claim construction ruling in place with respect to the other Defendants. Thus, without vacatur, the Court's claim construction with respect to the non-Teva Defendants might be inconsistent with an appellate ruling in the Teva actions. Such a result would cause confusion and could lead to ancillary litigation regarding the estoppel effect of the Court's non-appealed

---

C.A. No. 14,-508 D.I. 223 (Nov. 20, 2015); Lupin Limited and Lupin Pharmaceuticals, Inc., C.A. No. 14-1058, D.I. 169 (Dec. 23, 2015).

The Honorable Leonard P. Stark
February 14, 2016
Page 3

claim constructions. The Court decision to vacate that ruling and permit the remaining Teva cases to proceed to final judgment, including any appeals, would avoid that situation.

Plaintiffs respectfully request that the Court enter the Stipulation and Order (D.I. 217).

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac

cc: Clerk of Court (Via Hand Delivery)
All Counsel of Record (Via Electronic Mail)